# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GERALD P. CARMODY, *et al.*, | Case No. 3:11-cv-243 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| IBEW LOCAL 82 PENSION PLAN, *et al.*, | |
| Defendants. | |

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY DEMAND (Doc. 12); AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS II AND III (Doc. 13)**

This civil action is currently before the Court on: (1) Defendants' motion to strike Plaintiffs' jury demand (Doc. 12) and Plaintiffs' responsive memorandum (Doc. 20); and (2) Defendants' motion to dismiss Counts II and III (Doc. 13) and the parties' responsive memoranda (Docs. 22, 23).

## I. FACTUAL BACKGROUND

This action concerns events relating to the pension benefits being paid to Plaintiff Gerald P. Carmody under Defendant IBEW Local 82 Pension Plan (the "Plan"). Plaintiffs plead five claims[1] against the Plan, Defendant Board of Trustees of the IBEW Local 82 Pension Plan (the "Trustees"), and Defendant General Pension Planning Corporation ("GPP"), seeking damages and injunctive and declaratory relief.

---

[1] Count I – Promissory Estoppel, Count II – Fraudulent Misrepresentation/Concealment, Count III – Gross Negligence, Count IV – Breach of Fiduciary Duty, and Count V– Breach of Duty to Comply with Section 204(h) of the Employee Retirement Income Security Act ("ERISA").

Defendants allege that Counts II and III of the Complaint, which allege fraudulent misrepresentation and gross negligence, are preempted by ERISA and thus fail to state claims upon which relief may be granted. Additionally, Defendants argue that Plaintiffs are not entitled to a jury trial in an ERISA matter and this Court should strike the jury demand.

### A. The Parties

The Plan is a multiemployer pension plan governed by ERISA and provides benefits to employees represented by the International Brotherhood of Electrical Workers, Local No. 82 (the "Union"). (Doc. 2 at ¶ 1). Plaintiff Gerald Carmody is a Plan participant and his spouse, Plaintiff Sylvia Carmody, is a Plan beneficiary. (*Id.* at ¶¶ 4, 6).

The Trustees govern the Plan and the Board of Trustees is comprised of individuals appointed by the Union and employers. (Doc. 2 at ¶ 7). GPP is a firm that provides administrative services to the Plan. (*Id.* at ¶ 8).

### B. The Plan's Social Security Level Income Option

This action concerns events relating to Carmody's alleged entitlement to a benefit option called the "Level Income Option," or more commonly known as the "Social Security Level Income Option" (the "SSLIO"). Carmody retired under the Plan effective May 1, 2010 with a "30 Year and Out" early retirement benefit. (Doc. 2 at ¶ 12). Carmody elected the SSLIO, which was available under the Plan to participants who retire prior to Social Security eligibility. (*Id.* at ¶ 4). The SSLIO essentially provides

participants with a level amount of income (combined pension and Social Security benefits) throughout retirement. Normally, a retired participant's basic benefit is paid in annuity form – a series of flat monthly payments for life. With the SSLIO, a participant's monthly pension payments are increased prior to age 62, and upon reaching age 62 (Social Security entitlement), the participant's monthly benefit is reduced to below what would otherwise be his monthly benefit, to compensate for the earlier increase.

### C. The Events Leading to the Dispute

At the time of Carmody's retirement, the Plan was experiencing significant funding difficulties and the Trustees took certain steps required by the Pension Protection Act of 2006, P.L. 109-280 (the "PPA") and subsequent legislation to address the deficit. Under the PPA, a plan's actuary is required to certify the plan's funding status for each plan year. Generally, a plan that is experiencing certain statutorily defined funding problems is considered under PPA to be in "endangered" or worse, "critical" status. *See* 29 U.S.C. §1085(a) and (b). The PPA requires the plan sponsor of a multiemployer plan that is in critical status to, *inter alia*, adopt a "rehabilitation plan" and, as relevant to this case, prohibits payment of certain benefits in excess of the monthly amount payable under a single life annuity, in order to improve the plan's funding situation. *See* 29 U.S.C. §1085(a)(2)(A) and (B), (e)(1) and (3), and (f)(2).

For the plan year beginning July 1, 2009, the Plan's actuary had certified that the

Plan was in critical status. (Doc. 2, Ex. 4). As permitted by Section 204 of WRERA,[2] the Trustees previously elected to retain the Plan's prior year funding status, thus temporarily avoiding critical status. However, during a meeting on April 23, 2010, the Trustees rescinded the WRERA election, which resulted in the Plan being in critical status. (*Id.* at ¶ 16). Because the Plan was now in critical status and could not pay amounts in excess of a single life annuity, the Plan was amended, as required by the PPA, to eliminate the SSLIO for participants who retire on or after May 1, 2010. (*Id.* at ¶ 26, Ex. 1(b) at 5).

Meanwhile, Carmody was contemplating retirement. The crux of the Complaint is that during the weeks leading up to his retirement, Plaintiffs were allegedly given inconsistent and misleading information regarding the availability of the SSLIO. Plaintiffs allege that in the winter and spring of 2010, Carmody attended three meetings where Plan benefits were discussed: a January 11, 2010 meeting for Plan participants, and two regular Union business meetings. (Doc. 2 at ¶¶ 13-14). Plaintiffs further allege that Carmody discussed Plan benefits on March 31, 2011 with a Board member. (*Id.* at ¶ 15). Plaintiffs allege that during each of these meetings and conversations, representations were made that Carmody's benefits would not be adversely affected. On April 30, 2010, they met with a GPP employee to process Carmody's retirement paperwork. During that

---

[2] The acronym "WRERA" refers to the Worker, Retiree and Employee Recovery Act of 2008, P.L. 110-458, which, *inter alia,* amended the PPA and permitted plan sponsors of multiemployer plans to elect a temporary delay in the designation of either endangered or critical status. P.L. 110-458, Title II §204.

-4-

meeting, the employee allegedly assured Plaintiffs that any change in the Plan's funding status would not affect them if Carmody elected a May 1, 2010 retirement date. (*Id.* at ¶ 17).

However, Plaintiffs received a notice that stated that the WRERA election had been revoked, that the Plan was in critical status, and warned that participants "whose benefit commencement date is on or after April 30, 2010" may experience benefit reductions. It further advised that "the [P]lan is not permitted to make … any … payment in excess of the monthly amount payable under a single life annuity while it is in critical status." (Doc. 2 at ¶ 18, Ex. 4). Plaintiffs subsequently met with two Trustees on May 3, 2010, who allegedly told them that any reductions in Plan benefits would not take place until after the Plan year ended on June 30, 2010, and thus would not affect Carmody. (*Id.* at ¶ 20). Plaintiffs then received a notice from the Plan dated August 31, 2010, which advised under the heading "Elimination of Level Income Option," that "federal law prohibits the Plan from offering the [SSLIO] to anyone who retires on or after May 1, 2010." (*Id.* at Ex. 7 at 5). That notice was followed by a letter dated October 20, 2010 advising Carmody that he had been incorrectly receiving the SSLIO and that the payment of the SSLIO portion of his benefit would stop. (*Id.* at ¶ 28, Ex. 9).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of

the complaint.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

#### A. Motion to Dismiss

Defendants claim that Counts II and III of the Complaint should be dismissed

because they are both preempted by state law and unrecognized by federal common law. Count II (fraudulent misrepresentation) alleges that a GPP employee and the two Plan Trustees intentionally provided misleading information regarding Carmody's Plan benefits that they either knew or reasonably should have known was incorrect and would be relied upon by Plaintiffs. (Doc. 2 at ¶¶ 37-38). Pled in the alternative, Count III (gross negligence) alleges that those individuals were grossly negligent in not being aware of the consequences of the Trustees' revocation of the WRERA election, and that Defendants were grossly negligent in not properly informing them of such consequences. (*Id.* at ¶¶ 41-42). Plaintiffs seek the reinstatement of the SSLIO benefit, other damages, and injunctive and declaratory relief. (*Id.* at ¶¶ 39, 43).

Conceding their fraudulent concealment (Count II) and gross negligence (Count II) claims would be preempted if brought under state law,[3] Plaintiffs now contend that such claims arise under "federal common law."[4] However, the Sixth Circuit has not recognized either fraudulent misrepresentation or gross negligence as a stand-alone "federal common law" claim under ERISA. *Briscoe v. Fine*, 444 F.3d 478, 498-500 (6th Cir. 2005) ("The Supreme Court . . . has repeatedly refused to permit plaintiffs to elevate

---

[3] ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has explained that ERISA's "expansive pre-emption provisions . . . are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208 (2004). The Sixth Circuit "has repeatedly recognized that virtually all state law claims relating to employee benefit plans are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (citing cases).

[4] Plaintiffs argue that they pled Counts II and III "under the federal common law of ERISA." (Doc. 22 at 2). However, in a brief filed with this Court a mere four days before they filed their Opposition, Plaintiffs state that their "legal claims (promissory estoppel, fraudulent misrepresent-ation, and gross negligence) are distinct from claims flowing from ERISA." (Doc. 20 at 4-5).

form over substance and to allow parties to evade the pre-emptive scope of ERISA simply by relabeling their claims.").[5] Additionally, Plaintiffs argument regarding the duties of a plan fiduciary does not save Counts II and III. Plaintiffs have asserted a breach of fiduciary duty claim in Count IV of their Complaint (which is not a subject of the motion to dismiss) and their allegations in that regard may support that claim.

Therefore, Defendants argument is well taken, and Counts II and III are dismissed.

**B.     Motion to Strike**[6]

ERISA does not include any provisions concerning the right to jury trial, nor does its legislative history provide any guidance as to congressional intent. Any right to trial by jury must then arise under the Seventh Amendment to the Constitution, which provides that "in suits at common law . . . the right of trial by jury shall be reserved." The Seventh Amendment right to jury trial exists only if a statute creates legal rights and remedies enforceable in an action for damages.

In determining whether a party is entitled to a jury trial on any claim, the court should consider: (1) whether the claim was a legal or equitable claim before the 1938 merger of law and equity in the Federal Rules of Civil Procedure; (2) the remedy sought,

---

[5] In the context of ERISA, the Supreme "Court has been 'especially reluctant to tamper with [the] enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text.'" *Travelers Cas. & Sur. Co. of Am. v. IADA Servs., Inc.*, 497 F.3d 862, 865 (8th Cir. 2007).

[6] A jury demand improperly made by a plaintiff may be challenged pursuant to a motion to strike under Rule 39(a)(2) of the Federal Rules of Civil Procedure. Rule 39(a) allows a court to strike a jury demand and set a case for a nonjury hearing when, upon motion or its own initiative, the Court finds that a right to trial by jury of some or all of the issues raised in the Complaint does not exist.

and; (3) the practical abilities and limitations of juries. *Ross v. Bernard*, 396 U.S. 531, 538, fn. 10 (1974). In considering the issue of entitlement to a jury trial in ERISA actions, the majority of the courts, including the Sixth Circuit, have held that no such right exists. *See, e.g., Wilkins v. Baptist Health Care Sys., Inc.*, 150 F. 3d 609, 616 (6th Cir. 1998) ("Because [Plaintiff] has no cause of action for which money damages are a recognized remedy, we view his appeal as one from the denial of benefits and conclude that the district court properly denied his motion for a jury trial.").[7]

In *Miner v. Comty. Mut. Ins. Co.*, 778 F.Supp. 402 (S.D. Ohio 1991), the District Court for the Southern District of Ohio reaffirmed this conclusion in denying plaintiff's demand for a jury trial in a case arising from the alleged failure to prudently process claims for medical expenses:

> this Court is bound by the law as interpreted by the United States Supreme Court and the Court of Appeals for the Sixth Circuit. As applied to this case, the governing law compels the conclusion that Plaintiffs are not entitled to a trial by jury on their ERISA claims. Plaintiffs are seeking to recover monetary damages under §502. The Sixth Circuit Court of

---

[7] *See also Crews v. Cent. States Pension Fund*, 788 F.2d 332 (6th Cir. 1986) (action seeking return of funds essentially an action for restitution, and equitable remedy); *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988) (no right to jury trial in action for recovery of benefits); *Bair v. General Motors Corp.*, 895 F.2d 1094 (6th Cir. 1990) (employee's claim for early retirement benefits not subject to trial by jury); *Turner v. CF&I Steel Corp.*, 770 F.2d 43 (3rd Cir. 1985), cert. denied, 474 U.S. 1058 (1986) (only equitable relief available under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132, no right to jury trial); *Blau v. DelMonte Corp.*, 748 F.2d 1348 (9th Cir. 1985), cert. denied, 474 U.S. 865 (1985) (no independent constitutional or statutory right to jury trial in ERISA actions); *Smith v. ABS Indus., Inc.*, 653 F.Supp. 94 (N.D. Ohio 1986) (no right to trial by jury for ERISA breach of fiduciary cases); *Wardle v. Cent. States, Se. & Sw. Areas Pension Fund*, 627 F.2d 820 (7th Cir. 1980), cert. denied, 449 U.S. 1112 (1981) (suit for benefits by disappointed applicant are equitable in nature and no right to jury trial exists).

> Appeals has unequivocally held that a claimant is not entitled to a jury trial in an action brought under §502 and has refused to carve out exceptions to this broad rule. The court has also held that compensatory damages to redress a direct injury to a participant under §502(a)(3) are equitable in nature. These holdings are consistent with the Supreme Court's observations that ERISA's fiduciary standards are derived from the law of trust and that trust law remedies, including monetary damages, are equitable in nature.

Plaintiffs argue that their legal claims (fraudulent concealment, gross negligence, and promissory estoppel) expand beyond the scope of the equitable remedies under ERISA and include money damages under federal common law. However, this Court has already dismissed Plaintiffs claims for fraudulent concealment and gross negligence. Moreover, although no Sixth Circuit or Ohio District Court has addressed the issue of promissory estoppel, a District Court in Pennsylvania found that "promissory estoppel is an equitable form of action in which equitable rights alone are recognized . . . in spite of plaintiffs' effort to characterize the relief they seek as 'legal' rather than equitable in nature." *Hesse v. General Elec. Co.*, No. 93-5740, 1994 U.S. Dist. LEXIS 5379, at *8 (E.D. Pa. Apr. 21, 1994) (granting defendants' motion to strike plaintiffs' jury demand). The fact that the complaint requests monetary relief does not "require the conclusion that the action is legal rather than equitable." *Curtis v. Loether*, 415 U.S. 189, 196 (1974). "If legal relief is unavailable under a particular section of ERISA, then a plaintiff cannot, irrespective of the relief he seeks, obtain a jury trial under that section." *Richards v. Gen. Motors Corp.*, 850 F.Supp. 1325, 1335 (E.D. Mich. 1994). Therefore, Plaintiffs are not entitled to trial by jury.

## IV.  CONCLUSION

Accordingly, for the reasons stated herein,

(1)  Defendants' motion to strike the jury demand (Doc. 12) is **GRANTED.** The Clerk shall revise the docket to reflect this change; and

(2)  Defendants' motion to dismiss Counts II (fraudulent misrepresentation) and III (gross negligence) with prejudice (Doc. 13) is **GRANTED**.

**IT IS SO ORDERED.**

Date:  1/20/2012

_____
Timothy S. Black
United States District Judge